## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GOCODES, INC.,

     *Plaintiff*,

           v.

LIFE360, INC. and TILE, INC.,

     *Defendants*.

Civil Action No:

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GoCodes, Inc. ("GoCodes"), by and through its attorneys, for its Complaint against Defendant Life360, Inc. ("Life360") and Defendant Tile, Inc. ("Tile") (collectively, "Defendants"), alleges as follows:

### PRELIMINARY STATEMENT

1.    This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, of GoCodes' United States Patent No. 8,973,813 (the "'813 Patent") based on Defendants' manufacture, use, importation, offer for sale, and sale of devices in the United States that infringe the '813 Patent, including the Tile Pro, the Tile Mate, the Tile Slim, the Tile Sticker, and the Tile Lost and Found Labels (collectively, the "Infringing Devices").

### JURISDICTION AND VENUE

2.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.    This Court has specific and general personal jurisdiction over Defendants in this district because of Defendants' presence in the District of Delaware. Defendants have availed themselves of the laws of Delaware. Defendants have derived substantial revenue from sales of the Infringing Devices in the State of Delaware and have systematic and continuous business contacts with the State of Delaware. GoCodes' claims arise out of and relate to, in part, Defendants' contacts with the State of Delaware. Defendants conduct business within the State of Delaware and have

registered agents in Delaware.

4.    This Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in this District, have conducted business in this District, and/or have engaged in continuous and systematic activities in this District.

5.    Defendants' Infringing Devices that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the District.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). Defendants have committed acts of infringement in this district, are deemed to reside in this district, and have regular and established places of business in this district.

## PARTIES

7.    GoCodes is a Minnesota corporation with its principal place of business at 7900 International Drive, Suite 300, Bloomington, MN 55425.

8.    Defendant Life360 is a Delaware corporation and is registered as a corporation in California and has regular and established places of business in this judicial district. Life360's principal address is 1900 S. Norfolk Street, Suite 310, San Mateo, CA 94403.

9.    Defendant Tile is a Delaware corporation and is registered as a corporation in California and has regular and established places of business in this judicial district. Tile's principal address is 1900 S. Norfolk Street, Suite 310, San Mateo, CA 94403.

10.    On information and belief, Defendants may be served through their agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

11.    On information and belief, Defendant Tile has been a wholly owned subsidiary of Defendant Life360 since at least on or around November 2021, when Life360 acquired Tile.[1]

---

[1] *Life360 To Acquire Tile, Creating The World Leader in Finding and Location Solutions*, https://www.life360.com/press/life-360-to-acquire-tile-creating-world-leader-in-finding-and-location-services (last visited June 3, 2025).

## FACTS

**A.    The '813 Patent**

12.    On March 10, 2015, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 8,973,813, entitled "System for Facilitating Return of Lost Property," and named Nadine Wendy Penny and Todd Penny as the inventors (the "Inventors"). The USPTO issued a Certificate of Correction on June 30, 2015. A true and correct copy of the '813 Patent, including the Certificate of Correction, is attached hereto as Exhibit A.

13.    The '813 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14.    GoCodes is the assignee of the entire right, title, and interest in the '813 Patent. A true and correct copy of the assignment is attached hereto as Exhibit B.

15.    On or around July 1, 2024, GoCodes notified Defendants of their ongoing infringement of the '813 Patent in a certified letter mailed to Life360. GoCodes included a copy of the '813 Patent and claim charts for some of the Infringing Devices. GoCodes' correspondence demonstrates a good faith attempt to resolve this dispute. To date, Defendants have not responded to GoCodes' correspondence.

**B.    Defendants' Infringing Activities and Products**

16.    Since at least the time that Defendants received actual or constructive notice of infringement, Defendants have and continue to infringe, with specific intent or willful blindness, at least claims 19–20 and 22–26 of the '813 Patent by making, using, selling, and/or offering for sale the Infringing Devices in the United States, including in this judicial district, and importing into the United States the Infringing Devices that are sold in this judicial district.

17.    The products that are the subject of this Complaint (the "Infringing Devices") include the Tile Pro, the Tile Mate, the Tile Slim, the Tile Sticker, and the Tile Lost and Found Labels.

18.    The Infringing Devices facilitate the return of lost, stolen, or otherwise missing portable assets. The Infringing Devices are designed to be attached to portable assets such as "keys,

bags, wallets, and more."[2]

19.     The '813 Patent provides, among other things, systems and related methods for facilitating the return of lost, stolen or otherwise missing portable assets.

20.     Claim 19 of the '813 Patent states:

> A portable asset recovery system, comprising:
>
> a host processor including a memory module hosting a database of individual user accounts, each individual user account including at least one return profile associated with an individual portable asset, wherein each return profile includes privacy preferences elected by a user, the return profile and privacy preferences being used to create a unique property page that is uniquely associated with the individual portable asset; and
>
> a visual tag including a symbol containing embedded information, the embedded information including a machine readable internet link to the unique property page, the symbol being accessible to capture by a camera device while the visual tag is resiliently attached to the individual portable asset, and wherein the camera device directly accesses and displays the unique property page.

21.     The host processor is a required component utilized to support Defendants' server(s) that comprise of "database[s] of individual user accounts" that are accessed using the Tile



(Tile App screenshot with annotations)

---

[2] *Tile Trackers*, https://www.life360.com/tile-trackers (last visited June 3, 2025).

`

application.[3] Defendants direct users of the Infringing Devices to create "individual user accounts" that are linked with the "individual portable asset."

22.     Defendants further instruct users to create "at least one return profile associated with an individual portable asset, wherein each return profile includes privacy preferences elected by a user, the return profile and privacy preferences being used to create a unique property page that is uniquely associated with the individual portable asset." As part of setting up an Infringing Device, Defendants instruct users to create a return profile and select the privacy preferences.

## Tile Lost and Found

The 2022 and 2024 Tile lineup (Pro, Mate, and Slim) have a QR code printed on the back that anyone can scan if they find your lost Tile to coordinate its return.

**Note:** Your contact details will only be visible if you have turned on the Notify When Found feature and entered your information.

### Enter your contact information

1. Open the Tile app.
2. Select the **Tile that you want to locate**.
3. Tap on the **Notify When Found** button.
   - **Note:** If your Tile is connecting to your device, you won't see the **Notify When Found** button. Follow these steps to find your Tile.
4. Tap on **Next**.
5. Enter the **Phone Number** you can be contacted at and your message for the finder.
   - You can choose to skip this step if you do not want to enable Lost and Found.
6. Tap on **Add Contact Info**.

Your contact information will no longer be visible once you turn off the Notify When Found feature.

(https://support.life360.com/hc/en-us/articles/30582950771607-Tile-Lost-and-Found)

23.     The return profile allows the owner to select how they want to be contacted if the item is found. The return profile further allows the owner to add a custom message for the finder, which may include reward information associated with returning the asset.

24.     As part of setting up an Infringing Device, Defendants instruct users to create a return profile and select the privacy preferences. This may include an email address, a phone number, and

---

[3] *Add a Tile – Life360*, https://support.life360.com/hc/en-us/articles/30583015300247-Add-a-Tile (last visited June 3, 2025); *see also Tile Trackers on Life360*, https://www.tile.com/life360 (last visited June 3, 2025).

a customizable message.



(Tile App screenshot with annotations)

25.     The Infringing Devices claim a "portable asset recovery system" which contains at least "a visual tag including a symbol containing embedded information, the embedded information including a machine-readable internet link to the unique property page" in the form of a visible and unique identifying machine-readable code (*e.g.*, a QR code) which links to Tile's asset recovery system.



(https://www.life360.com/tile-trackers/product/black-pro and https://www.life360.com/tile-trackers/product/black-mate)

26.     Defendants' webpage states, "The 2022 and 2024 Tile lineup (Pro, Mate, and Slim) have a QR code printed on the back that anyone can scan if they find your lost Tile to coordinate its return."[4]

27.     The asset's unique property page can be reached using the machine-readable internet link, in this case, scanning the QR code on an Infringing Device.

28.     The Infringing Devices display "the symbol being accessible to capture by a camera device while the visual tag is resiliently attached to the individual portable asset." As shown in the figure below, the symbol, in this case a QR code, is accessible to a cellphone camera. The visual tag is resiliently attached to the portable asset, either by way of water-resistant stickers or imprinted QR codes.

---

[4] *Tile Lost and Found – Life360*, https://support.life360.com/hc/en-us/articles/30582950771607-Tile-Lost-and-Found (last visited June 3, 2025).

THE TILE LABEL

# Finders for your keepers.



Add Lost and Found Labels to your favorite items to make them easily returnable. If anything gets lost, your return details can be accessed by scanning the QR code on the Label.

(https://www.life360.com/tile-trackers/product/lost-and-found-labels)

29.    Tile's Lost and Found Labels, which contain QR codes, are designed to be affixed on assets. These QR codes are accessible to capture by a camera device.





(https://www.life360.com/tile-trackers/how-tile-labels-work)

30.    The Infringing Devices allow "the camera device [to] directly access and display the unique property page." Scanning the QR code of an Infringing Device directs a user to the asset's

unique property page, listing the asset owner's contact information.

31.     Defendants have been infringing and inducing infringement of the '813 Patent by actively and knowingly inducing purchasers and owners of Infringing Devices to make, use, sell, offer for sale, or import the Infringing Devices that infringe the '813 Patent.

32.     The Infringing Devices infringe at least claims 19–20 and 22–26 of the '813 Patent.

33.     Upon information and belief, future iterations of the Infringing Devices will infringe the '813 Patent.

**COUNT I**
**(Infringement of the '813 Patent)**

34.     GoCodes repeats and realleges each of the preceding paragraphs as though fully set forth herein.

35.     Defendants have been and are directly infringing the '813 Patent, including at least claims 19–20 and 22–26 by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the Infringing Devices in violation of 35 U.S.C. § 271(a) through (c).

36.     On information and belief, Defendants make, use, offer for sale, and sell the Infringing Devices through their website and other retailers that infringe one or more of claims of the '813 Patent, literally or under the doctrine of equivalents. Defendants put the inventions claimed by the '813 Patent into service (*i.e.*, used them); but for Defendants' actions, the claimed invention embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants' procurement of monetary and commercial benefit.

37.     In addition, Defendants have induced and continue to induce infringement. Defendants have actively encouraged or instructed others (*e.g.*, their customers), and continue to do so, on how to use their products and services (*see, e.g.*, *Introducing Lost and Found Labels*, https://www.life360.com/tile-trackers/how-tile-labels-work (last visited June 3, 2025)) and related products and services such as to cause infringement of one or more of claims of the '813 Patent,

10

`

literally or under the doctrine of equivalents.

38.     Moreover, Defendants have known of the '813 Patent and the technology underlying it from at least July 1, 2024, when Mr. Jeffer Ali (Counsel for Plaintiff) sent a notice letter to Mr. Chris Hulls (CEO for Defendant Life360), including infringement claim charts, notifying Defendants' of ongoing infringement of the '813 Patent through at least the Infringing Devices.[5] Defendants' infringement of the '813 Patent has thus been knowing and willful.

39.     In addition, Defendants have and continue to contributorily infringe. Defendants have actively encouraged or instructed others (*e.g.*, their customers), and continue to do so, on how to use their products and services (*see, e.g.*, *Introducing Lost and Found Labels*, https://www.life360.com/tile-trackers/how-tile-labels-work (last visited June 3, 2025)) and related products and services such as to cause infringement of one or more of claims of the '813 Patent, literally or under the doctrine of equivalents. Moreover, Defendants have known of the '813 Patent and the technology underlying it from at least July 1, 2024, as detailed above.

40.     Defendants' acts of direct and indirect infringement of the '813 Patent (including inducing infringement and contributory infringement) have caused and will continue to cause GoCodes damages for which GoCodes is entitled to compensation pursuant to 35 U.S.C. § 284.

41.     Defendants' acts of direct and indirect infringement of the '813 Patent (including inducing infringement and contributory infringement) have caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. GoCodes has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, GoCodes, Inc. requests judgment against Defendant Life360 and Defendant Tile, as follows:

A.     Adjudging that Defendants have infringed and have actively induced infringement of the '813 Patent, in violation of 35 U.S.C. § 271(a) through (c);

---

[5] Plaintiff reserves the right to amend this date if discovery reveals an earlier date of knowledge.

B.      Finding that Defendants' infringement has been willful;

C.      Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '813 Patent absent a license to Defendants by GoCodes;

D.      Ordering Defendants to pay GoCodes damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. § 287, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E.      Declaring this case exceptional and awarding GoCodes its reasonable attorney fees, pursuant to 35 U.S.C. § 285 if discovery and evidence in this matter so warrants;

F.      Ordering Defendants to account and pay damages adequate to compensate GoCodes for Defendants' infringement of the '813 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

G.      Ordering Defendants to account and pay GoCodes a compulsory ongoing royalty;

H.      Ordering an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales; and

I.      Awarding such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff GoCodes hereby demands a trial by jury on all issues so triable.

Dated: June 3, 2025                Respectfully Submitted,

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
JCP@PMHDELaw.com
David A. Bilson (#4986)
dab@PMHDELaw.com
**PHILLIPS, MCLAUGHLIN & HALL, P.A.**
1200 North Broom Street
Wilmington, DE 19806
302-655-4200 Telephone
302-655-4210 Facsimile

**HUSCH BLACKWELL LLP**
Jeffer Ali, 247947MN*
jeffer.ali@huschblackwell.com
80 South Eighth Street, Suite 4800
Minneapolis, MN 55402
612-852-3610 Telephone
612-852-2701 Facsimile

Mark P. Bhuptani, 5926183NY*
mark.bhuptani@huschblackwell.com
1801 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006
202-378-9310 Telephone
202-378-2319 Facsimile

**THE SIMON LAW FIRM, P.C.**
Anthony G. Simon*
asimon@simonlawpc.com
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029

*\* Pro hac vice application to be filed*

***Attorneys for Plaintiff GoCodes, Inc.***

`